JUDGE FORREST

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

SHAUN FERNANDES,

                    Plaintiff,

    -v-

THE CITY OF NEW YORK, New York City Police
Department Officer ("P.O.") ROSTISLAV KIPERVASER,
and P.O. JOHN DOES 1-6, in their
Individual capacities,

                    Defendants.

------------------------------------------------------------x

COMPLAINT AND DEMAND FOR A JURY TRIAL

Index No. 15-CV-

      Plaintiff SHAUN FERNANDES, through his attorney Mark C. Taylor of Rankin & Taylor, PLLC as and for his complaint, does hereby state and allege:

## PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the Fourth, and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983.

2. Plaintiff SHAUN FERNADES'S rights were violated when officers of the NEW YORK CITY POLICE DEPARTMENT ("NYPD") unconstitutionally and without any legal basis arrested him without justification. By reason of defendants' actions, including their unreasonable and unlawful seizure of his person, he was deprived of his constitutional rights.

3. Plaintiff seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Fourth and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that plaintiff's claim arose in the Southern District of New York.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

## PARTIES

7. Plaintiff SHAUN FERNANDES ("FERNANDES") was at all times relevant to this action a resident of the County of Bronx in the State of New York.

8. Defendant THE CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

9. Defendant NYPD Officer ("P.O.") ROSTISLAV KIPERVASER, and JOHN DOES 1-6 (referred to collectively as the "individual defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD.

10. The individual defendants are being sued herein in their individual capacities.

11. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of NYPD and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the

2

NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

12. The true names and shield numbers of defendant P.O. JOHN DOES 1-6 are not currently known to the plaintiffs.[1]  However, they are employees or agents of the NYPD. Accordingly, they may be entitled to representation in this action by the New York City Law Department ("Law Department") upon their request, pursuant to New York State General Municipal Law § 50-k.  The Law Department, then, is hereby put on notice (a) that plaintiffs intend to name said officers as defendants in an amended pleading once the true names and shield numbers of said defendants become known to plaintiff and (b) that the Law Department should immediately begin preparing their defense in this action.

## STATEMENT OF FACTS

13. Mr. FERNANDES was falsely arrested by P.O. KIPERVASER and JOHN DOES 1-6 on May 12, 2013 at approximately 7:30 P.M. in Mr. FERNANDES' home at 453 E. 137th Street, Apartment 3B in the County of the Bronx.

14. On the date of his arrest, the individual defendants conducted a raid on Mr. FERNANDES' home.

15. At the time of the NYPD raid on his home, Mr. FERNANDES was returning home from a nearby bus stop. Mr. FERNANDES' mother was home along with his sister, a niece and her three small children, all under the age of five.

---

[1]   By identifying said defendants as "John Doe" plaintiff is making no representations as to the gender of said defendants.

16. Around 7 P.M., Mr. FERNANDES was returning to his apartment when he was taken into custody by NYPD officers and taken to his apartment where the NYPD raid was already in progress.

17. The NYPD officers conducted an extensive search of the apartment but discovered no contraband or evidence of illegal activity.

18. Despite finding no evidence of illegal activity, P.O. KIPERVASER took Mr. FERNANDES into custody and transported him to the 40th Precinct.

19. Mr. FERNANDES was detained at the 40th Precinct for approximately seven (7) hours before being released with a summons for violation of New York Penal Law 221.05 – Unlawful possession of Marijuana.

20. Mr. FERNANDES appeared in court on August 26, 2013 and learned that the summons was dismissed as facially insufficient prior to his appearance before the court.

21. As a result of his handcuffing and arrest, Mr. FERNANDES experienced pain, suffering, mental anguish, and humiliation.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF RIGHTS
## UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983
(Against all Defendants)

22. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

23. Defendants, under color of state law, subjected the plaintiff to the foregoing acts and omissions, thereby depriving plaintiff of his rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights: (a) freedom from unreasonable seizure of his person; (b) freedom from arrest without probable cause; (c) freedom from false

4

imprisonment; (d) freedom from the lodging of false charges against him by police officers; (e) freedom from having police officers fabricate evidence against him; and (f) freedom from malicious prosecution.

24. Defendants' deprivation of plaintiff's constitutional rights resulted in the injuries and damages set forth above.

## SECOND CLAIM
## <u>LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS – 42 U.S.C. § 1983</u>
(Against Defendant City of New York)

25. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

26. At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

27. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline its employees and police officers, including individual defendants, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline the individual defendants.

28. The policies, practices, customs and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

29. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## JURY DEMAND

30. Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

- a. That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation; and

- b. That he be awarded punitive damages against the individual defendants; and

- c. That he be compensated for attorneys' fees and the costs and disbursements of this action; and

- d. For such other further and different relief as to the Court may seem just and proper.

Dated:   New York, New York
         May 20, 2015

Respectfully submitted,

By: _____
Mark C. Taylor
Rankin & Taylor, PLLC
*Attorneys for the Plaintiff*
11 Park Place, Suite 914
New York, New York 1007
Ph: 212-226-4507